UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JLB & PAINT                                                                                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:08CV315-RHW

INDUSTRIAL CORROSION CONTROL, INC.                           DEFENDANT

**MEMORANDUM OPINION & ORDER**

      This matter is before the Court on Defendant's [24] Motion for Summary Judgment. Plaintiff JLB & Paint filed this lawsuit alleging that Defendant Industrial Corrosion Control, Inc. breached the "Contract Labor Agreement for Subcontractors" executed by the parties on August 28, 2006. Pursuant to the contract, Plaintiff provided contract labor for Defendant at the Hard Rock Casino construction project until January 2007. At that time, Defendant advised Plaintiff that it no longer needed Plaintiff's services at the Hard Rock Casino project. Defendant's foreman, Denny Freeman, advised Plaintiff that Defendant would attempt to find work for Plaintiff at another job site. Defendant did not offer any other work for Plaintiff at the Hard Rock Casino project or any other of Defendant's projects. At no time did Defendant or its agents inform Plaintiff that it was terminating the contract. Paragraph 17 of the contract provides that "[t]his agreement shall continue in full force and effect until terminated by either Purchaser or Contractor upon thirty (30) days' prior written notification of the other party."

      During his deposition, Plaintiff's representative, Jose Briones, conceded that he was never informed by Defendant that the contract was terminated. He further acknowledged that the contract was not limited to any particular job location or any particular project. Briones further conceded that the mere fact that Plaintiff's work at the Hard Rock Casino project stopped did not

mean that the contract ended. Briones understood that the contract would allow Plaintiff to work for Defendant at another site without entering into a second contract. Briones stated that he had a good working relationship with Defendant prior to the date that his company's services were terminated at the Hard Rock Casino project.

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]."

2

*John*, 757 F.2d at 708. "Summary Judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment." *Id*. at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

### (1) Breach of Contract

To establish a breach of contract, Plaintiff must prove (1) the existence of a valid and binding contract; (2) that the defendant has broken or breached it; and (3) that plaintiff has thereby been damaged monetarily. *Warwick v. Matheney*, 603 So.2d 330, 336 (Miss. 1992).

Ultimately, the dispute centers around paragraph 17 of the contract which provides that "[t]his agreement shall continue in full force and effect until terminated by either Purchaser or Contractor upon thirty (30) days' prior written notification of the other party." Plaintiff argues that the contract was breached because its services were terminated without the requisite 30 days' written notice. Defendant counters that the contract was never terminated, thus explaining the absence of any written notice of termination.

The contract provided that Plaintiff would provide labor services to Defendant. It is undisputed that the terms of the contract are not limited to a particular job site or any particular period of time. Rather, the Court finds, based on a plain reading of the contract, that this is an open-ended agreement for Plaintiff to provide subcontractor services to Defendant on an as-needed basis. Given the open-ended and non-specific nature of the contract as to time and location, the Court finds that Plaintiff has not presented any competent summary judgment evidence that the contract was terminated.

The lack of written notice of termination supports Defendant's position that it did not terminate the contract. Defendant's position is further supported by undisputed evidence that it never informed Plaintiff that it was terminating the contract and that Defendant informed Plaintiff it would try to find work for Plaintiff at another project. Although Defendant informed Plaintiff that its services at the Hard Rock Casino project were no longer needed, this by itself does not demonstrate termination of the contract given the nature of the contractual arrangement. Rather, the contract remained in effect, as conceded by Briones. Absent a termination of the agreement, the provision for written notification was not triggered; therefore, Defendant did not breach the contract by failing to provide written notification. The Court finds that there is no genuine issue of material fact regarding the issue of breach.

### **(2) Covenant of Good Faith and Fair Dealing**

Plaintiff argues that Defendant has breached the covenant of good faith and fair dealing. All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement. *Morris v. Macione*, 546 So.2d 969, 971 (Miss. 1989). Good faith has been defined as "the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations fo the other party." *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss. 1992). Bad faith has been defined as requiring "a showing of more than bad judgment or negligence; rather, 'bad faith' implies some conscious wrongdoing 'because of dishonest purpose or moral obliquity.'" *Univ. of S. Miss. v. Williams*, 891 So.2d 160, 170-71 (Miss. 2004)(quoting *Bailey v. Bailey*, 724 So.2d 335, 338 (Miss. 1998)).

Plaintiff has offered nothing in the way of evidence of bad faith other than Defendant's alleged termination of the agreement. Plaintiff argues that it had a justified expectation that it

would receive 30 days notice before all work under the contract terminated. This is really just another way of stating that Defendant breached the provision in the contract that required 30 days written notice to terminate the contract. The Court does not find any meaningful distinction between Plaintiff's bad faith argument and breach of contract argument.

Plaintiff's argument fails under both counts because, as explained above, the contract did not provide for any specific duration or location for the work to be performed under the contract. The only expectation built into the contract is that its terms would be met if and when Defendant offered subcontractor work to Plaintiff on one of Defendant's projects. Plaintiff admitted as much in his deposition when he conceded that the contract was not limited by its terms to any particular job site or project. Moreover, he understood that the fact that Plaintiff's work was completed at the Hard Rock Casino did not mean that the contract ended. Having failed to demonstrate a genuine issue of material fact on the question of whether the contract was terminated, there was no corresponding obligation for Defendant to provide 30 days written notice. Thus there can be no genuine issue of material fact with respect to Defendant's alleged bad faith.

### (3) Unconscionability

Plaintiff also argues that a genuine issue of material fact exists as to whether the terms of the contract were unconscionable. "Unconscionability" is defined as "an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." *East Ford v. Taylor*, 826 So.2d 709, 715 (Miss. 2002). Procedural unconscionability exists where there is a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of

5

the parties and/or a lack of opportunity to study the contract and inquire about contract terms. *Id.* at 714. The Court must examine the circumstances surrounding the overall formation of the contract in which the subject clause is contained. *Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 517 (Miss. 2005).

In this case, Briones read the contract prior to signing it. He stated that he understood what the document said. His foreman was present at the contract execution. He also read the contract. There is no summary judgment evidence concerning the circumstances surrounding the execution of the contract that would demonstrate procedural unconscionability. Moreover, the 30-day written notice clause, which is the subject of this lawsuit, is not buried in the fine print or couched in complex, legalistic language. Rather, the contract provision is stated in plain, straightforward language and presented in a stand alone paragraph of the same type and font as the rest of the contract.

Substantive unconscionability exists when the terms of the agreement are shown to be oppressive. *East Ford*, 826 So.2d at 714. The Court must look within the four corners of the agreement in order to discovery any abuses relating to the specific terms which violate the expectations, or cause gross disparity between, contracting parties. *Stephens*, 911 So.2d at 521. There is nothing unusual, out of the ordinary, or one-sided about the 30-day written notice requirement. The Court further finds that the language does not greatly alter the legal rights of the parties or severely limit damages available. *Id.* Plaintiff has not pointed to the absence of any circumstances surrounding the contract formation nor any clause within the contract that would render it unconscionable. Thus, the Court finds as a matter of law that the contract is not unconscionable, either procedurally or substantively.

**Conclusion**

In sum, the Court finds that there is no summary judgment evidence that Defendant breached the agreement between the parties. To the contrary, the evidence and contract language demonstrate that the agreement remained operational between the parties as an open-ended contract for labor services on an as-needed basis. With no termination of the contract, the 30-day notice provision was not triggered and therefore was not breached. Likewise, with no termination of the contract, there was no "bad faith" or breach of the covenant of good faith and fair dealing. Finally, the circumstances and terms of the contract point to neither procedural nor substantive unconscionability.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [24] Motion for Summary Judgment is GRANTED and that Plaintiff's lawsuit should be dismissed with prejudice.

SO ORDERED, this the 22nd day of December, 2009.

                                                              s/ *Robert H. Walker*  
                                                              UNITED STATES MAGISTRATE JUDGE